ADDENDUM

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REVISED

1.  Describe in full and not in a summary manner the facts and basis upon which Defendant relies for each and every denial which Defendant asserts in its Answer to Plaintiff's Complaint, including, but not limited to, its assertion that the restaurant named Café Asia is legally named as 1720 Eye Street Hospitality, LLC; identify who participated in responding to this complaint.

2.  Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 1 pursuant to the Request for Production of Documents served herewith.

3.  Describe in full, and not in a summary manner, the facts and basis upon which Defendant relies for any asserted affirmative defenses.

4.  Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 3 pursuant to the Request for Production of Documents served herewith.

5.  List and describe every communication which occurred between or among anyone (including but not limited to communications between or among any employee, managers, and customers of Café Asia or any other person) which is related to any allegation in Plaintiff's Complaint or Defendant's Answer.

6.  Include in your description an identification of the people who had the communication, the date and place of each communication, and the substance of the communication. Please note the definition of "communication" and "identify" which has been provided in the Definition section above.

7.  Identify all documents on which Defendant relies in support of its response(s) to Interrogatory Nos. 5 & 6 pursuant to the Request for Production of Documents served herewith.

8.  Identify any person any [sic] who claims to have viewed any audio or visual images presented by Andrei Smith.

9.  Describe the nature of those images.

10. State whether each person identified in Interrogatory No. 8 had any sexual contact with Andrei Smith, including grabbing his crotch, buttocks, and nipples.

11. Identify all documents on which Defendant relies in support of its response(s) to Interrogatory Nos. 8-10 pursuant to the Request for Production of Documents served

herewith.

12. List and describe with particularity and in detail, all of Plaintiff's job duties and responsibilities for Defendant.

13. Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 12 pursuant to the Request for Production of Documents served herewith.

14. If you contend that Mr. Smith's job duties included the preparation of food, please identify any training Mr. Smith received.

15. Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 14 pursuant to the Request for Production of Documents served herewith.

16. Describe Mr. Smith's job performance (both positive and negative) during his tenure with Café Asia, including in your response a description of the specific procedures used to evaluate Mr. Smith's performance; an identification of all factors on which Mr. Smith was evaluated; an identification of the individual(s) who evaluated Mr. Smith's performance; and the role each such individual played.

17. Identify any disciplinary action taken, and any pay increase or decrease.

18. Identify all documents on which Defendant relies in support of its response(s) to Interrogatory Nos. 16 & 17 pursuant to the Request for Production of Documents served herewith.

19. List and describe fully any and all complaints, grievances, or charges, whether formal or informal, related to discrimination, disparate treatment, or harrassment on the basis of gender, sex, race, color, national origin, sexual orientation, disability, or religion or retaliation for filing any such complaint, internal grievance, or charge, filed or discussed at any time against Café Asia as a result of some employee of or occurrence at the location at which Mr. Smith worked, or any employee or former employee of such, identify the person who is the subject of the complaint, grievance, or charge, and describe the disposition thereof. Information provided pursuant to this Interrogatory should include, but are not limited to, information related to those complaints, grievances, or charges filed or discussed with or received from:

i. Defendant's internal Office of Personnel, office of Equal Employment Opportunity, or any other office within Defendant;

ii. any of Defendant's employees;

iii.       any state or federal human rights organization, such as the Montgomery County Office of Human Rights;

iv.       the Equal Employment Opportunity Commission;

v.       any union representing such employees;

vi.       any State court; or

vii.       any federal court.

20.       Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 19 pursuant to the Request for Production of Documents served herewith.

21.       Describe in specific detail any knowledge that you, any of the agents, servants and/or employee of Café Asia or any other individual may have regarding the events which occurred during the period of time from November 2005 until September 2006, at Café Asia located in Washington, D.C., which in any way involve, affect, relate to the Plaintiff, the Plaintiff's employment with Defendant, including, but not limited to any events captured by video taken by Mr. Ramos or Mr. Bakar.

22.       Identify all documents on which Defendant relies in support of its response(s) to Interrogatory No. 21 pursuant to the Request for Production of Documents served herewith.

23.       List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff, the incidents referred to in Plaintiff's complaint in this matter, Plaintiff's complaint(s) related to his employment.

24.       List and describe any and all investigations and/or inquiries conducted by you or any agent, servant and/or employee of Café Asia with regard to Plaintiff's complaints related to his supervisor and/or co-workers.

25.       Identify all documents on which Defendant relies in support of its response(s) to Interrogatory Nos. 23 & 24 pursuant to the Request for Production of Documents served herewith.